**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Tamara Sue DeBinder, et al | ) | No.   CV 06-1804-PCT-PGR |
| Plaintiffs, | ) | |
| vs. | ) | **<u>ORDER</u>** |
| Albertson's, Inc., et al. | ) | |
| Defendants. | ) | |

Currently pending before the Court is City of Bullhead City Defendants' Motion to Dismiss State Law Claims (Doc. 62).

**II.    INTRODUCTION**

According to the Second Amended Complaint (Doc. 34), Plaintiff Tamara DeBinder was the subject of: a false arrest, malicious prosecution, civil rights violations, and defamatory statements. Her husband, Plaintiff Brian Ray DeBinder, has brought a derivative loss of consortium claim due to these alleged offenses. The Defendants' present motion addresses the claims brought by the Plaintiffs which are recognized under state law: false arrest (Counts Twenty, Twenty-Five and Twenty-Nine), malicious prosecution (Counts Twenty-One, Twenty-Six and Thirty), defamation (Counts Three and Thirty-One) and loss of consortium (Counts Twenty-Four, Twenty-Eight and Thirty-Two).

Counsel for Plaintiffs mailed three Notices of Claim, purportedly in compliance with A.R.S. § 12-821.01, on April 3, 2006, April 21, 2006 and May 12, 2006. The April 3 and

1 May 12, 2006 notices were mailed to the Bullhead City Manager, Tim Ernster. The April 21, 2006 letter was mailed to the Bullhead City Police Department to the attention of Corporal Eric Clevinger. With respect to Defendant Bullhead City and Defendant Vaughan, the Plaintiffs concede that notice was not served on the proper individuals as required by Arizona Rule of Civil Procedure 4. Therefore, the state law claims against the City of Bullhead City and Dispatcher Vaughan are hereby dismissed. However, the Plaintiffs oppose the Defendants' Motion To Dismiss the state law claims against Defendant Clevinger and argue that notice was properly served on this individual and that all claims against him should proceed. The Defendants argue that their Motion to Dismiss should be granted as to Defendant Clevinger since the Plaintiffs failed to adhere to the applicable notice filing requirements.

## II.   DISCUSSION

On a 12(b)(6) motion, when matters outside the pleadings are presented to and not excluded by the Court, the motion is to be treated as one for summary judgment and disposed of as provided by Rule 56. *Pritchard v. State of Arizona*, 788 P.2d 1178, 1184 (Ariz. 1990). In this case, the Defendants attached to their motion, as Exhibit A, the three letters that purport to be the Plaintiffs' notices of claim. Since these documents will be considered by the Court, the Defendants' motion to dismiss will be construed as a motion for summary judgment.

### A.   Service

Under applicable Arizona law, "[b]efore initiating an action for damages against a public entity, a claimant must provide a notice of claim to the entity in compliance with the Arizona Revised Statutes section 12-821.01." *Deer Valley Unified School District No. 97 v. Houser*, 152 P.3d 490, 491 (Ariz. 2007). A.R.S. § 12-821.01(A) states in relevant part:

> Persons who have claims against a public entity or a public employee shall file claims with the person or persons authorized to accept service for the public entity or public employee as set forth in the Arizona Rules of Civil Procedure within one hundred eighty days after the cause of action accrues.

- 2 -

1 Failure to comply with the statute bars a plaintiff from pursuing the underlying cause of
2 action. *Id.; see Salerno v. Espinoza*, 115 P.3d 626, 627-28 (Ariz. Ct. App. 2005)
3 (compliance with the notice of claim statute mandatory and essential to maintaining an action
4 against a public employee); *Crum v. Superior Court*, 922 P.2d 1097, 1101 (Ariz. Ct. App.
5 1996); *State v. Barnum*, 118 P.2d 1097, 1101 (Ariz. 1941)(state cannot be sued except upon
6 its own terms and conditions).

7 The Plaintiffs assert that they fulfilled their obligation to file a notice of claim by
8 sending their notice by certified mail to Defendant Eric Clevinger's place of employment,
9 the Bullhead City Police Department. Furthermore, the Plaintiffs point out that it is
10 undisputed that such notice was received. In support of their position, the Plaintiffs rely on
11 *Creasy v. Coxon*, 750 P.2d 903 (Ariz. Ct. App. 1998). In *Creasy*, the Arizona Court of
12 Appeals addressed whether "§12-821.01(A) requires that notice of a claim be presented to
13 a public entity or public employee in the same manner as a summons and complaint must be
14 served in a civil action." *Id.* at 904. The Court held that the notice of claim statute permitted
15 a claim to be filed by sending it through the mail as long as it is shown that delivery was
16 accomplished. *Id*. at 906.

17 The Defendants argue that *Creasy* is inapplicable to the case at hand as Bullhead City
18 Municipal Code 3.04.030(A) requires the *service* of notices of claim against the city. The
19 Defendants concede that *Creasy* properly interprets the language of §12-821.01(A), which
20 allows the *filing* of claims by mail; however, the Defendants maintain that the city code
21 requires any claim to be both *filed* and *served* on the city. Accordingly, Defendants assert
22 that the city's service requirement prohibits notices of claim to be sent by mail, thus
23 Plaintiffs' notice is defective. In support of their position, the Defendants point out that the
24 Arizona Supreme Court has clearly held that:

25 > [b]oth a city and a state may legislate on the same subject when
> that subject is of local concern or when, though the subject is not
26 > of local concern, the charter or particular state legislation
> confers on the city express power to legislate thereon.
27
28
- 3 -

*See Flagstaff Vending Co. v. City of Flagstaff*, 578 P.2d 985, 988 (Ariz. 1978); *Phoenix Respirator & Ambulance Serv., Inc. v. McWilliams*, 468 P.2d 951, 953 (Ariz. 1970). According to the Defendants, how a municipality chooses to waive its sovereign immunity is an area of local concern; therefore, there can be no doubt that the city has the right to pass a more stringent notice of claim provision than the general provision applicable to actions against the state.

The Court finds the Defendants' position persuasive. The Court disagrees with the Plaintiff's statement that there are no meaningful distinctions between A.R.S. § 12-821.01(A) and the Bullhead City Municipal Code. Although the court in *Creasy* specifically stated that § 12-821.01(A) "does not require that a notice of claim be served in the same manner as a civil summons and complaint," this legal conclusion is not dispositive of the issue before this Court. 750 P.2d at 906. *Creasy* addressed the requirement of the filing of a notice of claim under A.R.S. § 12-821.01, and not the *service* of claims as required by the Bullhead City Municipal Code. Clearly, the Plaintiff's notice of claim was not properly served on Officer Clevinger; therefore, the state law claims against him must be dismissed.

**B.    Proper Party**

Next, the Defendants argue that the Plaintiffs failed to serve the proper party as the notice of claim was sent to the "Bullhead City Police Department, Attn: Corporal Eric Clevinger." The Defendants contend that this is insufficient notice as these claims were to be served on Defendant Clevinger personally. The Plaintiffs, however, oppose this argument and maintain that Defendant Clevinger was, in fact, served personally at his place of business. According to the Plaintiffs, the certified letter sent to Defendant Clevinger at his place of employment was not service on the Bullhead City Police Department, but on Officer Clevinger himself. As will be demonstrated below, the Court disagrees.

According to A.R.S. 12-821.01, a notice of claim must be "filed [] with the person or person authorized to accept service . . ." A plaintiff's failure to serve the proper person is a defect which absolutely bars his state law claims. *See, e.g., Falcon v. Maricopa County*,

- 4 -

144 P.3d 1254 (Ariz. 2006). Furthermore, it is clear that the law requires that service be made on public employees, in addition to the entities that employee them, as a prerequisite to any lawsuit against such employees. Johnson v. Superior Court, 763 P.2d 1382, 1384 (Ariz. Ct. App. 1998). ]The delivery of a notice of claim via certified mail to the police department, "Attn: Corporal Eric Clevinger" does not meet statutory requirements, and provides an additional reason for the Court to grant the Defendants' motion.

### C. Notice of Claim Form

The Defendants' third and final argument is that the Plaintiffs failed to submit their claim "on a form prescribed by the city manager with the city clerk's office" as required by Bullhead City Municipal Code 3.04.030(A). The Plaintiffs do not dispute that they failed to comply with this provision of the Bullhead City Municipal Code. However, citing no persuasive authority for their position, the Plaintiffs argue that it is not significant what form is used. The Court disagrees. As noted by the Defendants, when considering whether a plaintiff has complied with the state and city notice of claim provisions, the Court must apply "fundamental principles of statutory construction, the cornerstone of which is the rule that the best and most reliable index of a statute's meaning is its language itself and, when that language is clear and unequivocal, it is determinative of the statute's construction." *Janson ex rel. Janson v. Christenson*, 808 P.2d 1222, 1223 (Ariz. 1991). "Each word, phrase, clause and sentence [of a statute] must be given meaning so that no part will be void, inert, redundant or trivial." It would be contrary to the law for the Court to conclude that Plaintiff's failure to comply with the clear language of the Bullhead City Municipal Code is insignificant. As previously concluded by the Arizona Supreme Court, actual notice and substantial compliance do not excuse a failure to comply with statutory notice requirements. *Falcon*, 144 P.3d at 1256.

### III.  CONCLUSION

Based on the above analysis,

- 5 -

IT IS ORDERED that the Defendants' Motion to Dismiss Plaintiffs' State Claims is GRANTED. The state law claims asserted against Defendant City of Bullhead City, Officer Eric Clevinger, and Dispatcher Karen Vaughan are dismissed.

DATED this 25th day of March, 2008.

/s/ Paul G. Rosenblatt
Paul G. Rosenblatt
United States District Judge

- 6 -