**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Tamara Sue DeBinder, et al. | ) | No.   CV 06-1804-PCT-PGR |
| Plaintiffs, | ) | |
| vs. | ) | **ORDER** |
| Albertson's, Inc.,dba Sav-On Drugs, et al. | ) | |
| Defendants. | ) | |

Currently before the Court is Defendants Clevinger, Vaughan, and City of Bullhead City's (collectively the "Bullhead Defendants") Motion for Rule 54(b) Entry of Judgment. (Doc. 118.) On March 25, 2008, the Court granted the Bullhead Defendants' Motion for Summary Judgment on Plaintiffs' 42 U.S.C. § 1983 claims (Doc. 60) and granted the Bullhead Defendants' Motion to Dismiss state law claims (Doc. 62), thereby disposing of all pending claims against the Bullhead Defendants in their favor.

The state law[1] claims against the Bullhead Defendants were resolved as a result of the state statute requiring that Plaintiff serve upon each Bullhead Defendant an effective notice

---

[1] As to the federal constitutional claims, it was only against the Bullhead Defendants that such claims were asserted, therefore those claims are necessarily separable. Thus, there is no just reason for delay for the entry of a final judgment as to the federal claims against the Bullhead Defendants.

of claim. None of the remaining Defendants have any related issues. Rule 54(b) of the Federal Rules of Civil Procedure provides:

> When an action presents more than one claim for relief — whether as a claim, counterclaim, crossclaim, or third-party claim — or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties **only if the court expressly determines that there is no just reason for delay**. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

(Emphasis added).

It is undisputed that the dismissal of the Bullhead Defendants is a decision that constitutes the "disposition of an individual claim entered in the course of a multiple claims action." Curtiss-Wright Corporation v. General Electric Company, 446 U.S. 1, 7 (1980)(quoting, in part, Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 436 (1955). In the event that the Court finds that its Orders of March 25, 2008, resolving the claims against the Bullhead Defendants was final, and there is no cause for just delay, the Court may enter Rule 54(b) judgment. Curtiss-Wright, 446 U.S. at 7-8; Fed.R.Civ.P. 54(b).

The Curtiss-Wright Court set forth two factors to consider when determining whether to enter Rule 54(b) judgment: (1) whether the claims under review are separable from other claims remaining in the case that have yet to be adjudicated, and (2) whether the nature of the claim already determined was such that no appellate court would be at risk of having to decide the same issue(s) more than once, if a subsequent appeal is filed. Curtiss-Wright, 446 U.S. at 8; AmerisourceBergin Corp. V. Dialysist West, Inc., 465 F.3d 946, 954 (9th Cir. 2006). It is clear from the Court's March 25, 2008 Order of dismissal, that the claims under review are separable from the claims remaining in the case. The claims against the Bullhead Defendants were dismissed based on the Arizona notice of claim statute. Under applicable Arizona law, "[b]efore initiating an action for damages against a public entity, a claimant must provide a notice of claim to the entity in compliance with the Arizona Revised Statutes

section 12-821.01." <u>Deer Valley Unified School District No. 97 v. Houser</u>, 152 P.3d 490, 491 (Ariz. 2007). A.R.S. § 12-821.01(A) states in pertinent part:

> Persons who have claims against a public entity or a public employee shall file claims with the person or persons authorized to accept service for the public entity or public employee as set forth in the Arizona Rules of Civil Procedure within one hundred eighty days after the cause of action accrues.

Failure to comply with the statute bars a plaintiff from pursuing the underlying cause of action. <u>Id</u>.; see <u>Salerno v. Espinoza</u>, 115 P.3d 626, 627-28 (Ariz. Ct. App. 2005) (compliance with the notice of claim statute is mandatory and essential to maintaining an action against a public employee); <u>Crum v. Superior Court</u>, 922 P.2d 1097, 1101 (Ariz. Ct. App. 1996); <u>State v. Barnum</u>, 118 P.2d 1097, 1101 (Ariz. 1941)(state cannot be sued except upon its own terms and conditions). The aforementioned statute is not applicable to the remaining Defendants as they are neither public entities nor public employees. Therefore, the state claims previously dismissed against the Bullhead Defendants, all of which were based on the notice of claim statute, are unequivocally separable from the claims remaining in the case.

Furthermore, the state law claims against the Bullhead Defendants were dismissed based on a state statute inapplicable to the remaining Defendants, and the federal claims were asserted solely against the Bullhead Defendants. Consequently, there is no risk that the Court of Appeals will have to decide the same issue more than once, should the Court enter final judgment as to the claims previously dismissed against the Bullhead Defendants, and an appeal is taken. Therefore, the Court finds no just reason for delaying the entry of final judgment as to the Bullhead Defendants.

Accordingly, the Court will now enter final judgment as to the Bullhead Defendants, as the claims are distinct and separable from the claims against the remaining Defendants and **there is no just reason for delay**.

IT IS HEREBY ORDERED **GRANTING** the Bullhead Defendants' Motion for Rule 54(b) Entry of Judgment. (Doc. 118.)

1  IT IS FURTHER ORDERED that the Clerk of Court shall enter judgment
2  accordingly.
3  DATED this 12th day of November, 2008.

Paul G. Rosenblatt
United States District Judge